MISSOURI PAC. RY. CO. *v.* TEXAS & P. RY. CO.

(*Circuit Court, E. D. Louisiana.* March 10, 1887.)

MASTER AND SERVANT—NEGLIGENCE—FELLOW-SERVANT.

> That the common master is not liable to a servant for injuries caused by the negligence of a fellow-servant is a rule recognized in the United States courts, (*Hough* v. *Railway Co.*, 100 U. S. 213,) and a brakeman of a railroad train cannot consequently recover of the company for injuries caused by the negligence of the engineer.

On Exceptions to Master's Report.

Petition of E. M. Pierpont, ex-employe, praying for compensation for personal injuries.

*John H. Kennard, Jr.*, for petitioner.

*W. W. Howe* and *S. S. Prentiss*, for receivers.

PARDEE, J. The evidence in the case shows that the petitioner, a brakeman, was injured by the negligence of the engineer, his own negligence contributing thereto, while they were both employed on the same freight train. The master's report is practically to the same purport, but the master seems to find that the petitioner's negligence was mitigated to slight negligence for which he was not responsible, because of his reasonable faith that the engineer would not be guilty of any negligence. The evidence shows clearly that, but for the primary negligence of the petitioner, he would not have been injured, although the engineer had started his train as he did without proper signal. It also seems clear in this case that the brakeman and the engineer were fellow-servants; and, as the general rule exempting the common master from liability to a servant for injuries caused by the negligence of a fellow-servant is recognized by the courts of the United States, (see *Hough* v. *Railway Co.*, 100 U. S. 213,) the petitioner should not recover from the receivers in this case, unless in some way they can be shown to be in fault. A careful examination of the evidence, and of the master's report, shows no fault of commission nor omission on the part of the receivers.

An order will be entered sustaining the exceptions to the special master's report, and dismissing the petition of said E. M. Pierpont.